## SETTLEMENT, RELEASE, AND WAIVER

This AGREEMENT is effective as of the date indicated below by and among: (i) The NOCO Company ("*NOCO*"); and (ii) TRIPLENET PRICING, LLC, a Delaware corporation, having a principal address at 2 Cooper Drive, Suite 100-301, Wilmington, Delaware 19804, the individual or entity identified below, the individual executing this AGREEMENT on its behalf, and its and/or their respective owners, members, shareholders, directors, officers, employees, agents, successors, assigns, parents, subsidiaries, affiliates, and/or related entities (jointly and severally "*RESELLER*"). NOCO and RESELLER are collectively referred to as the "*PARTIES*" and individually as a "*PARTY*".

WHEREAS, NOCO designs, manufactures, and sells products (the "*NOCO PRODUCTS*") under the NOCO®, NOCO GENIUS®, NOCO GENIUS BOOST®, ULTRASAFE®, CHARGELIGHT®, XGRID®, BATTERY LIFE®, WICKED SMART®, STOP CORROSION®, and other registered and unregistered trademarks and natural extensions thereof, embodying substantial proprietary intellectual property, including patents, trademarks, copyrights, and trade secrets (the "*NOCO IP*");

WHEREAS, NOCO alleges that RESELLER, who is not an authorized reseller, has listed NOCO PRODUCTS for sale and infringed upon the NOCO IP; and

WHEREAS, as a result, NOCO filed a lawsuit against RESELLER, in the United States District Court, Northern District of Ohio, The Noco Company v. Triplenetpricing, LLC, Case No. 1:18-cv-01555-JG (the "*Lawsuit*").

WHEREAS, RESELLER denies any wrong-doing in connection with any alleged sale or advertising of the NOCO PRODUCTS, denies NOCO's allegations of wrongdoing in the Lawsuit, and further denies that it is liable to NOCO for any reason;

WHEREAS, in exchange for RESELLER's agreement to forever refrain from selling NOCO PRODUCTS, NOCO will not pursue legal action for RESELLER's alleged infringement.

NOW, THEREFORE, the PARTIES, for and in consideration of the mutual promises contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, hereby agree as follows:

1. **Non-Sale of NOCO Products**. RESELLER represents that although it has never sold or distributed any NOCO products and agrees that it shall forever refrain from directly or indirectly selling any NOCO PRODUCTS or using any NOCO IP. If RESELLER breaches this AGREEMENT, including by listing any NOCO PRODUCTS for sale on any website or other platform, including but not limited to Amazon.com, RESELLER agrees that it shall reimburse NOCO for NOCO's costs to enforce this AGREEMENT, including, but not limited to, reasonable attorney fees and costs incurred.

2. **Confidentiality/Non-Disparagement**. The PARTIES agree that the terms of this settlement are confidential and further agree that there will be no publication, digitally, verbally, written or otherwise, of this agreement and the claim that RESELLER infringed upon NOCO IP, except: (i) as required by law or legal process; (ii) to their attorneys, accountants, auditors, employees or agents having a need to know; and (iii) as required in connection with the enforcement of this Agreement. The parties further agree that they will not make, directly or indirectly, any oral or written statements that are disparaging of the other party, its products or services.

3. **Mutual Release of All Claims**. In consideration of this AGREEMENT and the promises set forth above, NOCO and RESELLER hereby acquit, release and forever discharge each other from, and waive any and all claims, actions, causes of action, demands, rights, damages, costs, interest, punitive damages, exemplary damages, equitable relief, attorney fees, expenses and compensation that they, either jointly or severally, may now have for economic damage, infringement of intellectual property rights, breach of contract (written or otherwise), tortious interference with contract, negligence, and any other suits or claims for damages, whatsoever, at law or in equity, that any PARTY had, has, or possibly could have had with

# EXHIBIT 1

respect to the NOCO PRODUCTS and/or to RESELLER'S sale of the NOCO PRODUCTS in any way, except for any claims arising as a result of a breach of this AGREEMENT.

4. **Dismissal**. No later than seven (7) days from the effective date, the PARTIES shall cause to be filed a Stipulated Notice of Dismissal dismissing the Lawsuit with prejudice, each Party to bear its own attorneys' fees and court costs.

5. **Applicability**. This AGREEMENT shall be binding on, and inure to the benefit of NOCO, RESELLER, and their current and former owners, members, shareholders, directors, officers, employees, agents, successors, assigns, parents, subsidiaries, affiliates, and/or related entities.

6. **No Waiver**. The failure of NOCO to exercise any of its rights hereunder or grant extension of time for compliance shall not constitute a waiver of any default or any other right in that or any subsequent default.

7. **Ohio Law Governs**. The laws of the State of Ohio shall govern this AGREEMENT. The PARTIES agree that any action and/or lawsuit to construe the provisions of this AGREEMENT or to enforce the rights and obligations contained herein shall be filed in a court of competent jurisdiction in Cuyahoga County, Ohio, and the PARTIES waive any objections to such forum on the grounds of inconvenience or lack of personal jurisdiction.

8. **Entire Agreement**. This AGREEMENT embodies the entire agreement among the PARTIES with respect to the subject matter hereof and supersedes any and all prior agreements and understandings, oral or written, with respect thereof.

9. **Joint Preparation**. This AGREEMENT is deemed to have been prepared jointly by the PARTIES hereto and any uncertainty or ambiguity herein, if any, shall not be interpreted against a PARTY, but shall be interpreted according to the application of the rules of interpretation for arm's length agreements.

10. **Severability**. It is the intention of the PARTIES that the terms and provisions of this AGREEMENT be construed to be separable and severable. If any term or provision of this AGREEMENT shall be held void, invalid, unenforceable or in conflict with any applicable law, all of the other terms and provisions of this AGREEMENT shall remain valid and fully enforceable.

11. **Opportunity to Review and Authority to Execute**. By signing this AGREEMENT, the undersigned PARTIES acknowledge that they (i) have fully read this AGREEMENT; (i) understand all of its terms; (iii) have had the opportunity to consult with legal counsel; (iv) have the authority to execute the document on the principal's behalf; and (v) have executed this AGREEMENT voluntarily.

12. **Execution and Delivery**. This AGREEMENT may be executed in counterparts, and shall become effective when counterparts have been signed, it being understood that the PARTIES need not sign the same counterpart. For evidentiary purposes, faxed or electronically mailed counterparts of this AGREEMENT shall be deemed to be originals and digital signatures shall have the same force and effect as a signature in pen and ink.

11. This Settlement, Release, and Waiver (the "*AGREEMENT*") is expressly limited to and made conditional upon the exclusivity of these terms and conditions and may only be amended by the PARTIES' specific, written assent to the change

IN WITNESS WHEREOF, the undersigned have executed this AGREEMENT as of the Effective Date.

| THE NOCO COMPANY | "RESELLER" |
|---|---|
| By: _____<br>    Jonathan Nook, President | By: _[signature]_____<br>Print: ISRAEL BLACKMAN |
| Date: _____ | Its: ___Managing Member___ |
| | Date: August 30, 2018 |

This Agreement has been approved by the undersigned, counsel to the defendant.

_____
    Solomon E. Antar, Esq.

{K0687564.1}

3